

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00109-CV

_____

CRESTOR GLOBAL INVESTMENTS DELAWARE LLC, Appellant

V.

WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE
REGISTERED HOLDERS OF COLONY AMERICAN FINANCE 2015-1
MORTGAGE-BACKED NOTES; CHRISTOPHER CHAUVIN, INDIVIDUALLY;
COLONY AMERICAN FINANCE LENDER, LLC; AND COLONY AMERICAN
FINANCE 2015-1, LTD, A CAYMAN ISLANDS COMPANY, Appellees

On Appeal from the 67th District Court
Tarrant County, Texas
Trial Court No. 067-294048-17

Before Gabriel, Kerr, and Pittman, JJ.
Memorandum Opinion by Justice Gabriel

**MEMORANDUM OPINION**

Appellant Crestor Global Investments Delaware LLC (Crestor) attempts to appeal the trial court's interlocutory order denying its motion to vacate a previous order appointing a receiver. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(2) (West Supp. 2018). Appellees filed a motion to dismiss contending this appeal is moot. We agree. Accordingly, we grant appellees' motion to dismiss and dismiss this appeal for want of jurisdiction.

Appellee Colony American Finance Lender, LLC (Colony) loaned Crestor nearly $2.5 million to use in connection with twenty-six rental homes located in Dallas and Tarrant counties. In exchange for the funds, Crestor agreed to repay the loan with interest and secured that agreement by executing two deeds of trust covering the twenty-six rental homes. Alleging that Crestor had defaulted on its loan payments and was presumed to be insolvent, appellees filed on August 22, 2017, an application for the appointment of a temporary receiver, asserting that Crestor's defaults had placed the twenty-six rental homes in imminent danger of being lost or damaged. On September 14, 2017, the trial court signed an agreed order appointing a receiver for the twenty-six rental homes.

On February 26, 2018, Crestor filed a motion to vacate the trial court's September 14th agreed order appointing a receiver, alleging that in the proposed order appellees presented to the court, which the trial court ultimately signed, appellees had, without authorization, included an electronic signature of Crestor's

2

president to indicate Crestor agreed to the order. After conducting an evidentiary hearing, the trial court found there was "ample evidence" that Crestor had agreed to the receivership and consequently denied the motion to vacate the September 14th receivership order. Crestor then brought this interlocutory appeal from that denial. *See id.* (authorizing interlocutory appeal from an order that "overrules a motion to vacate an order that appoints a receiver").

In its brief, Crestor has raised five issues, each of which asserts that the trial court abused its discretion by denying its motion to vacate the September 14th receivership order. And the relief it seeks from this court is that we reverse the trial court's order denying the motion to vacate and render an order vacating the September 14th receivership order. In their motion to dismiss, appellees assert that this appeal is moot because the trial court has discharged the receiver and all receivership property has been sold or otherwise removed from the receivership. Crestor has not filed a response to appellees' motion to dismiss.

Appellees attached as an exhibit to their motion to dismiss a certified copy of an order the trial court signed on July 12, 2018. That order states that the trial court found that "[a]s a result of the transfer of the [p]roperty, the receivership is no longer necessary for the protection of the [p]roperty, and Receiver should be excused from the further performance of his duties."

"A case becomes moot if, since the time of filing, there has ceased to exist a justiciable controversy between the parties—that is, if the issues presented are no

3

longer 'live,' or if the parties lack a legally cognizable interest in the outcome." *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 162 (Tex. 2012). In simple terms, a case is moot when the court's action on the merits cannot affect the parties' rights or interests. *Id.* If a case is or becomes moot, the court must vacate any order or judgment previously issued and dismiss the case for want of jurisdiction. *Id.*

When a trial court appoints a receiver to sell real property, and the real property is sold after the appellant has perfected its appeal, the appeal of the appointment of the receiver becomes moot. *See Mitchell v. Turbine Res. Unlimited, Inc.*, 523 S.W.3d 189, 196 (Tex. App.—Houston [14th Dist.] 2017, pet. denied); *Pirate's Lake, Ltd. v. Vestin Realty Mortgage I, Inc.*, No. 14-08-00085-CV, 2008 WL 3833618, at *2 (Tex. App.—Houston [14th Dist.] Aug. 12, 2008, no pet.) (mem. op.). Here, the property subject to the receivership has been transferred, and the trial court has discharged the receiver. It follows that the trial court's order discharging the receiver extinguished the controversy between the parties as to the only issue presented in this appeal: the propriety of the trial court's order denying Crestor's motion to vacate the receivership order. Accordingly, we conclude this appeal has become moot. *See Heckman*, 369 S.W.3d at 162. We therefore grant appellees' motion to dismiss and dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *Heckman*, 369 S.W.3d at 162.

/s/ Lee Gabriel

Lee Gabriel
Justice

Delivered: October 4, 2018